```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ALABAMA
                           MIDDLE DIVISION

PEARL D. GLASS,                 }
                                }
     Plaintiff,                 }
                                }       CIVIL ACTION NO.
v.                              }
                                }       98-AR-1539-M
ABB SERVICE, INC.,              }
                                }
     Defendant.                 }
```

FILED
99 MAY 20 AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 20 1999

## MEMORANDUM OPINION

The court has under submission the motion filed by defendant, ABB Service, Inc., for summary judgment, seeking a dismissal of the action brought by plaintiff, Pearl D. Glass. Under the current *modus operandi* of this court, briefs in support of and in opposition to motions for summary judgment are not filed or docketed. Because the parties in any appeal from the granting of a motion for summary judgment inevitably ask to supplement the record with such briefs, the Clerk is hereby DIRECTED to file the briefs submitted by both parties in the above-entitled case. In fact, the Clerk is DIRECTED hereinafter to file **all** such briefs in **all** cases assigned to the undersigned.

In discussing Rule 56 practice with trial judges in circuits outside the Eleventh Circuit, this court has learned that in most instances a trial judge does not write an opinion when granting a motion for summary judgment, that is, unless the judge disagrees with

the reasoning of the movant while agreeing with the proposed outcome. There are at least two reasons for this practice other than laziness. First, Rule 56 contains no requirement, express or implied, that an opinion be written. The rule only requires that the court find that no dispute of material fact exists and that the movant is entitled to judgment as a matter of law. This court is aware of no specialized exception to this rule in the Eleventh Circuit. Second, in the event an appeal is taken from a grant of summary judgment, the appellate court must take a *de novo* look at the motion in light of the entire record. No deference is accorded the trial judge's findings. Unless the trial judge concludes (1) that the brief of the winning party is woefully inadequate, OR (2) that counsel for the "would be" appellee is incompetent as a appellate lawyer, OR (3) that the trial judge has an outside chance of convincing the losing party, by an exercise of persuasive prose, that he, she, or it, deserved to lose, OR (4) that the self-discipline imposed by having to write an opinion might cause the judge to pause before jumping into the abyss, OR (5) that the loser's lawyer needs some constructive criticism, OR (6) that the loser may feel better about the judicial system in general and the trial judge in particular if the judge goes to the trouble of justifying his decision at some length, OR (7) that a law clerk needs exercise, OR (8) that the judge is itching to publish an opinion, either on the subject at hand or on any subject, OR (9) that some combination of the above eight reasons exists, there is no

justification for cluttering the record with an opinion or doing appellate counsels' work by writing appellee's brief.

This is a case in which the court will not write an opinion, that is, except for the forgoing explanation of why it is not writing an opinion.

DONE this 20th day of May, 1999.

                                    WILLIAM M. ACKER, JR.
                                    UNITED STATES DISTRICT JUDGE